T.C. Memo. 2002-201

UNITED STATES TAX COURT

TRACY JODETTE AUGUST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10065-00.                    Filed August 12, 2002.

Tracy August, pro se.

<u>A. Gary Begun</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  This case arises from a request for
equitable relief (relief) under section 6015(f)[1] with respect to
petitioner's taxable years 1990, 1992, and 1993 (years at issue).
The issue for decision is whether respondent abused his

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at all relevant times.

discretion in denying petitioner relief under section 6015(f) for the years at issue.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the deemed admissions, and the attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Hesperia, Michigan.

Petitioner was 15 years old when she married Michael August (Mr. August) in 1980. Petitioner was married to Mr. August during the years at issue. Petitioner and Mr. August divorced sometime after April 1994, and Mr. August was given custody of their three children.

Each month petitioner receives $531 from Supplemental Security Income (SSI) and $462 from Family Assistance. These amounts are petitioner's only income. The only asset that petitioner owns is a car valued at $700 or less. She is not required to pay child support because she is on SSI.

Petitioner has a history of mental illness and was hospitalized for mental illness and incarcerated at various times before and after her marriage to Mr. August. Petitioner also has suffered from alcohol and drug addiction. Petitioner attended school only through the eighth grade but obtained her general equivalency diploma (GED).

Petitioner and Mr. August filed joint tax returns for the years at issue. The tax returns for 1990 and 1993 were prepared by a C.P.A. firm, and the 1992 return was prepared by H&R Block. All of the income reported on these returns came from Mr. August's carpet installation business and was reported on Schedule C, Profit or Loss From Business. The tax returns list petitioner as a homemaker or housewife. Petitioner signed these returns. The taxes reported on the returns as due have not been fully paid. Petitioner's and Mr. August's outstanding tax liabilities for the years at issue are the result of these underpayments of tax.[2]

In March 1999, petitioner filed Form 8857, Request for Innocent Spouse Relief, for each of the years at issue. Petitioner attached the following statement to each Form 8857:

> My ex husband had all the money for our taxes to be paid before our divorce and instead he used approx 13,000.00 for an attorney for our divorce. He is living as they say "High on the hog." Since our divorce he has bought a new work van all brand new appliances, fax machine. All I have is a van 79 Dodge that is valued at 700.00 and does not run most of the time. I have applied for disability do to post tramatic stress disorder, obsessive compulsive disorder, panic attacks, anxiety attacks, and borderline personality disorder. I'm basically homeless, and living off family and friends. Please concider taking me off his account for the years owed. For I had no part of his business or knowledge he did not pay off taxes until after our divorce and I filed my taxes and they went towards his account. I filed a

---

[2] As of Aug. 10, 2000, the remaining liabilities were $1,670 for 1990, $4,820 for 1992, and $4,656 for 1993.

> joint return but I thought as a dependent and his wife I was suppose to. I never benefited at all from his business. If you were to audit him his lifestyle exceeds what he claims on taxes. However some property he has in his father-n-law's name or his present wife. He has been looking to buy land, "Cash money" so he can put it in his present wife's name.

On August 9, 1999, Mr. August filed a letter objecting to petitioner's request. On January 21, 2000, after concluding that petitioner had not responded to his request for additional financial information, respondent sent her a letter in which respondent preliminarily determined that she was not entitled to relief under section 6015(f). On February 7, 2000, in response to the preliminary determination, petitioner sent respondent a letter stating that she had sent respondent the requested information. Respondent interpreted petitioner's letter as a protest to the preliminary determination and forwarded her request for relief to the Appeals Office for further consideration.

On May 12, 2000, Appeals Officer David Stauffer (Mr. Stauffer) invited petitioner to a conference to discuss her request for relief. When she met with Mr. Stauffer, petitioner was upset and agitated throughout the meeting. Petitioner told Mr. Stauffer that there had been domestic abuse throughout her marriage and that Mr. August had hidden assets from the IRS in order not to pay tax liabilities.

On August 10, 2000, respondent issued a Notice of Determination Concerning Relief from Joint and Several Liability Under Section 6015, determining that petitioner was not entitled to relief under section 6015(f). On September 25 and October 30, 2000, petitioner filed a timely petition and an amended petition, respectively, with the Court requesting relief for the years at issue. Respondent notified Mr. August of the petitions.

OPINION

Petitioner requests that the Court grant her relief from these taxes under section 6015(f).

Respondent argues that he did not abuse his discretion in denying petitioner's claim for relief under section 6015(f) because petitioner presented no evidence supporting her claim, and, therefore, petitioner did not qualify for relief under the criteria provided in Rev. Proc. 2000-15, 2000-1 C.B. 447 (the revenue procedure).

Generally, spouses filing a joint tax return are each fully responsible for the accuracy of their return and for the full tax liability. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). Section 6015 provides exceptions to this general rule in certain circumstances. Butler v. Commissioner, supra.

Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--

(1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and

(2) relief is not available to such individual under subsection (b) or (c),

the Secretary may relieve such individual of such liability.

Respondent denied petitioner relief under section 6015(f). We have jurisdiction to review such a denial of relief. Ewing v. Commissioner, 118 T.C. 494 (2002) (holding that the Court had jurisdiction over the requesting spouse's claim for equitable relief pursuant to section 6015(f) regarding the underpayment of tax shown on the joint return). Respondent's denial of relief is reviewed under an abuse of discretion standard. Cheshire v. Commissioner, 115 T.C. 183, 198 (2000); Butler v. Commissioner, supra at 292.

As directed by section 6015(f), the Commissioner prescribed procedures in the revenue procedure to be used in determining whether an individual qualifies for relief under that section. Section 4.01 of the revenue procedure lists seven threshold conditions that must be satisfied before the Commissioner will consider a request for relief under section 6015(f). Respondent concedes that petitioner meets all of the threshold conditions.

Where, as here, the requesting spouse satisfies the threshold conditions, section 4.02(1) of the revenue procedure

provides elements under which relief under section 6015(f) will ordinarily be granted in a case in which a tax liability reported on a joint return is unpaid.  These elements are:

> (a) At the time relief is requested, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse * * *;
>
> (b) At the time the return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid. * * *; and
>
> (c) The requesting spouse will suffer economic hardship if relief is not granted.  For purposes of this section, the determination of whether a requesting spouse will suffer economic hardship will be made by the Commissioner or the Commissioner's delegate, and will be based on rules similar to those provided in section 301.6343-1(b)(4) of the Regulations on Procedure and Administration.

Rev. Proc. 2000-15, sec. 4.02(1), 2000-1 C.B. at 448.  First, at the time relief was requested in March 1999, petitioner was no longer married to Mr. August.  Second, petitioner testified that, during their marriage, she was completely dependent upon Mr. August regarding the filing of their tax returns and the payment of the taxes.  Although Mr. August offered conflicting testimony on this point, we found petitioner to be credible after having observed her appearance and demeanor at trial.  On the basis of her limited education, marriage at age 15, history of mental illness, and dependence on Mr. August for tax matters, we conclude that petitioner had no knowledge or reason to know that the taxes would not be paid at the time the returns were signed.

Third, we conclude that petitioner will suffer economic hardship if relief under section 6015(f) is not granted.[3] Petitioner's only income is public assistance. This income is exempt from levy. Sec. 6334(a)(11).[4] Petitioner's income is so minimal that she is not required to pay child support. Additionally, petitioner suffers from mental illness which affects her ability to earn a living.

---

[3] Sec. 301.6343-1(b)(4)(ii), Proced. & Admin. Regs., provides factors that will be considered in determining whether satisfaction of the levy will cause an individual taxpayer economic hardship because she will be unable to pay her reasonable living expenses. These factors include the taxpayer's age, her employment status and history, her ability to earn, the number of dependents, any extraordinary circumstances, and any other factor that the taxpayer claims bears on economic hardship and brings to the attention of the director.

[4] Sec. 6334(a)(11) provides:

SEC. 6334(a). Enumeration.--There shall be exempt from levy--

* * * * * * *

(11) Certain Public Assistance Payments.--Any amount payable to an individual as a recipient of public assistance under--

(A) title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or

(B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

Taking into account all the facts and circumstances, we conclude that petitioner has satisfied each element under section 4.02(1) of the revenue procedure and it would be inequitable to hold her liable for the unpaid taxes.  On the basis of the record before us, we hold that respondent abused his discretion in denying petitioner's claim for relief under section 6015(f).

In reaching our holding, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.