T.C. Memo. 2003-330


UNITED STATES TAX COURT



BRENDA WALLACE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10229-02.                    Filed December 1, 2003.


Brenda Wallace, pro se.

Susan Smith Canavello, for respondent.



MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  Petitioner applied for relief from joint liability under section 6015[1] for the 1996 tax year based on Form 8857, Request for Innocent Spouse Relief. Petitioner's request was denied.

---

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Shreveport, Louisiana.

Petitioner was married to Wayland Wallace (Mr. Wallace) during 1996. They had two daughters of their marriage. Petitioner and Mr. Wallace never separated or divorced. He died on April 27, 1999.

Petitioner and Mr. Wallace were both employed during 1996. Petitioner's only income that year was wage and salary income of $7,840. She was employed as an interpreter for the deaf.

Mr. Wallace filed a timely Federal income tax return for 1996. That return included only his income and deductions related thereto. It did not include petitioner's income, nor did she sign the return. The return reflected an income tax liability of $2,299, withholding credits of $3,694, and an overpayment of $1,395. The IRS applied $35.36 of the overpayment to an income tax liability of Mr. Wallace for another tax year and refunded the balance of $1,359.64.

During 1998, petitioner and Mr. Wallace filed an amended Federal income tax return for 1996. The sole purpose of the amended return was to elect a filing status of married filing jointly and to include petitioner's income for 1996, which was not included on the original return filed by Mr. Wallace. The

amended return reflected an additional income tax of $1,938, all of which was attributable to petitioner's 1996 income. The $1,938 tax liability was not paid, and it is for that liability that petitioner seeks relief under section 6015.[2] Respondent has made no adjustments to either the separate return initially filed by Mr. Wallace or the amended return filed by petitioner and Mr. Wallace in which they elected the filing status of married filing jointly. Thus, respondent has not determined any deficiency against petitioner or Mr. Wallace. This case, therefore, involves petitioner's application for relief under section 6015 for a tax liability attributable solely to her income.

On the Form 8857 filed by petitioner seeking relief, she did not attach or submit a written statement stating the basis upon which she claimed relief. Moreover, on the Form 8857, petitioner erroneously stated that the tax liability for which she sought relief was due to erroneous items of her spouse. In the stipulation, however, petitioner agreed that the tax liability was attributable solely to her income. Petitioner's sole basis

---

[2] Even though the original return was not a joint return, respondent agreed at trial that petitioner and Mr. Wallace had properly elected a filing status of married filing jointly based on the amended return. Sec. 6013(b) provides generally that, if an individual has filed a separate return for a taxable year for which a joint return could have been filed, such individual and his or her spouse may thereafter file a joint return for such year after the date prescribed by law for the filing of the return.

for relief is that she was unemployed at the time the amended return was filed and had no assets or other resources to pay the tax liability. At the time of trial, however, petitioner was employed.

Respondent denied petitioner's application for relief on the ground that the tax liability in question was entirely attributable to her income.

Generally, spouses filing a joint income tax return are each fully responsible for the accuracy of their return and for payment of the tax liability. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). Section 6015, however, provides various means by which a spouse can be relieved of this joint and several obligation. The Court's jurisdiction here arises under section 6015(e), as petitioner's claim for relief is based upon what is referred to generally as a "stand alone" petition. Ewing v. Commissioner, 118 T.C. 494, 497 (2002).

Respondent considered petitioner's claim under section 6015(b), (c), and (f) and denied her application for relief.

With respect to relief under section 6015(b), in Washington v. Commissioner, 120 T.C. 137, 146 (2003), this Court noted that relief under that provision is based upon an "understatement" of tax attributable to erroneous items of the other spouse. Here, as in Washington v. Commissioner, supra, there is no "understatement" of tax as defined in section 6662(d)(2)(A), nor

are there erroneous items of the other spouse.  Petitioner merely seeks relief from payment of that portion of the tax shown on the joint return that was not paid when the return was filed.  Petitioner, therefore, is not entitled to relief under section 6015(b) because there was no "understatement" of tax.

Similarly, under section 6015(c), which provides relief from joint liability for spouses who filed a joint return but who are no longer married, or legally separated, or have lived apart for a 12-month period, this Court further held in Washington v. Commissioner, supra at 146, that "Relief is not available under section 6015(c) with respect to an unpaid liability for tax reported on the return."  Here, petitioner seeks relief of a tax that was reported on the return.  Section 6015(c), therefore, allows no relief to petitioner.[3]

Section 6015(f) provides for equitable relief with respect to any unpaid tax, any deficiencies in tax, or any portion thereof if relief is not available under section 6015(b) or (c), and if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable" for such liability. To prevail under section 6015(f), the taxpayer must prove that

---

[3]    Additionally, sec. 6015(c)(1) provides that relief is limited to the portion of the deficiency properly allocable to the taxpayer seeking relief.  Since the unpaid tax in this case is totally attributable to petitioner's income, sec. 6015(c)(1) precludes any relief to petitioner.

the denial of equitable relief by the IRS was an abuse of discretion.  <u>Washington v. Commissioner</u>, <u>supra</u> at 146; <u>Jonson v. Commissioner</u>, 118 T.C. 106, 125 (2002); <u>Cheshire v. Commissioner</u>, 115 T.C. 183 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Pursuant to section 6015(f), the Commissioner has prescribed guidelines setting forth various factors considered in determining whether a taxpayer is entitled to equitable relief under section 6015(f).  Rev. Proc. 2000-15, 2000-1 C.B. 447. Among the factors against granting of relief are:  (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time the return was signed; (3) the requesting spouse significantly benefited (beyond normal support) from the unpaid liability; and (4) the requesting spouse will not suffer economic hardship if relief is denied.

Petitioner has failed to establish that there was an abuse of discretion by respondent in denying her relief under section 6015(f).  Her sole argument is that, at the time the amended return was filed in 1998, she was unemployed and did not have the assets or resources to pay the tax.  She had previously been employed, and, although she may have been unemployed at the time the amended return was filed, she thereafter resumed employment.

At the time of trial, petitioner was employed.  On this record, the Court sustains respondent.

Decision will be entered for respondent.