T.C. Memo. 2004-54

UNITED STATES TAX COURT

JEANINE T. FOOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7073-02.                    Filed March 8, 2004.

Jeanine T. Foor, pro se.

Kevin W. Coy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  This matter is before the Court pursuant to a petition filed under section 6015(e)(1).[1]  The issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(b), (c), or (f) for unpaid

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

taxes for years 1983, 1984, 1985, 1987, 1990, and 1991. With respect to the claim for relief under section 6015(b) and (c), we hold that petitioner is not entitled to relief because there were no understatements of tax. However, with respect to petitioner's claim for equitable relief under section 6015(f), we hold that respondent's denial of relief was an abuse of discretion and that it would be inequitable to hold petitioner liable for the unpaid taxes.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Tustin, California, at the time she filed her petition.

Petitioner and Darrell T. Foor (Mr. Foor) were married on March 23, 1983, and separated on May 1, 1989. They filed joint Federal income tax returns for the years 1983 through 1991. For the years 1983, 1984, 1985, 1987, 1990, and 1991, petitioner and Mr. Foor did not fully pay the tax liabilities reported on their returns. No deficiencies were determined or assessed against either petitioner or Mr. Foor for these years. Petitioner had a deficiency for 1988. Petitioner and Mr. Foor were divorced in 1996.

On March 10, 2000, petitioner filed a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable

Relief), requesting relief from joint and several liability for the years 1983 through 1996. In her Form 8857 and responses to information requests from respondent, petitioner stated that Mr. Foor was an alcoholic, he frequently lost his job and was in trouble for alcohol-related incidents, he made false deposits into their joint bank account to obtain money from the bank, his actions left petitioner without enough money to pay the bills, and petitioner believed that he claimed extra dependents on tax documents so that less money would be withheld from his wages. Additionally, petitioner stated that she cared for her disabled mother from 1985 until her mother's death in 1989 and her mother contributed one-half of the monthly rent and helped buy food because there was not enough money.

On December 28, 2001, respondent issued a notice of final determination to petitioner informing her that she was not entitled to relief from joint and several liability under section 6015(b), (c), or (f) for the years 1983, 1984, 1985, 1987, 1990, and 1991. Respondent granted petitioner relief under section 6015(c) for the 1988 deficiency. Respondent did not address petitioner's entitlement to relief for 1986 and 1989 because there were no outstanding tax liabilities for those years. Additionally, respondent did not address petitioner's entitlement to relief for the years 1992 through 1996 because joint returns were not filed for those years. Respondent's determinations were

based on the conclusions of two revenue agents, Ann Hoel and Al Petroff (Mr. Petroff).

In analyzing petitioner's entitlement to equitable relief under section 6015(f), the revenue agents determined: (1) Petitioner was divorced at the time she requested relief; (2) petitioner would suffer economic hardship if relief was not granted; (3) petitioner did not significantly benefit from the unpaid tax liabilities; (4) petitioner had made a good faith effort to comply with the Federal income tax laws in the tax years following the years at issue; and (5) there were no perceptible asset transfers between petitioner and Mr. Foor. The agents determined that petitioner knew or had reason to know that the tax liabilities would not be paid and that the liabilities were not solely attributable to Mr. Foor. The revenue agents noted that petitioner was responsible for at least a portion of the underpayments because of inadequate withholding.

Petitioner filed a petition under section 6015(e)(1) seeking review of respondent's determinations for the taxable years 1983, 1984, 1985, 1987, 1990, and 1991. The petition lists section 6015(b), (c), and (f) and alleges that it would be inequitable to hold petitioner responsible for the unpaid taxes.

OPINION

This case involves unpaid taxes for the years in issue. Because no understatements of tax or deficiencies are involved,

petitioner is not entitled to relief under section 6015(b) or (c).  See sec. 6015(b)(1) and (c)(1); Washington v. Commissioner, 120 T.C. 137, 146-147 (2003).  Therefore, our review is limited to section 6015(f), which permits in certain circumstances relief from joint and several liability for unpaid taxes.  Ewing v. Commissioner, 118 T.C. 494, 497 (2002).

Section 6015(f) permits the Secretary to relieve a spouse of liability if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for any unpaid tax or any deficiency (or any portion of either) and relief is not available under section 6015(b) or (c).  The denial of equitable relief is reviewed under an abuse of discretion standard.  Washington v. Commissioner, supra at 146.  In deciding whether the determination was an abuse of discretion, we consider evidence relating to all the facts and circumstances.  Id. at 148.

Rev. Proc. 2000-15, 2000-1 C.B. 447, contains guidelines that will be considered in determining whether an individual qualifies for relief under section 6015(f).[2]  Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, lists seven threshold conditions that must be satisfied before the Commissioner will consider a

---

[2]On Aug. 11, 2003, the Commissioner issued Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, effective for requests for relief filed on or after Nov. 1, 2003.

request for relief under section 6015(f).  Respondent agrees that the threshold conditions are satisfied in this case.

Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, provides that, in cases where a liability reported on a joint return is unpaid, relief under section 6015(f) will ordinarily be granted if the following three elements are satisfied:  (1) At the time relief is requested, the requesting spouse is no longer married to or is legally separated from the nonrequesting spouse, or has not been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date relief was requested; (2) at the time the return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid; and (3) the requesting spouse will suffer economic hardship if relief is not granted.  Relief under Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, is available only to the extent that the unpaid liability is allocable to the nonrequesting spouse.  Id. sec. 4.02(2)(b).

If relief is not available under Rev. Proc. 2000-15, sec. 4.02, then Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, provides factors that the Commissioner will consider in deciding whether to grant relief under section 6015(f).  Rev. Proc. 2000-15, sec. 4.03(1), 2000-1 C.B. at 448-449, lists the following six factors weighing in favor of granting relief for an unpaid liability:  (1) The requesting spouse is separated or divorced

from the nonrequesting spouse; (2) the requesting spouse would suffer economic hardship if relief is denied; (3) the requesting spouse was abused by the nonrequesting spouse; (4) the requesting spouse did not know or have reason to know that the reported liability would not be paid; (5) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability; and (6) the unpaid liability is attributable to the nonrequesting spouse. Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, lists the following six factors weighing against granting relief for an unpaid liability: (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know that the reported liability would be unpaid at the time the return was signed; (3) the requesting spouse significantly benefited (beyond normal support) from the unpaid liability; (4) the requesting spouse will not suffer economic hardship if relief is denied; (5) the requesting spouse has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates; and (6) the requesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the unpaid liability. This list is not exhaustive, no single factor is determinative, and all factors should be considered and weighed appropriately. Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448-449.

In the instant case, the revenue agents found that almost all of factors listed in Rev. Proc. 2000-15, secs. 4.02 and 4.03, either weighed in petitioner's favor or were not applicable. Despite the abundance of positive factors, petitioner's claim for equitable relief was denied. On brief, respondent argues that petitioner knew or had reason to know at the time the returns were filed that the tax liabilities would not be paid. The revenue agents' reports indicate that relief was not granted because they believed that petitioner was equally responsible for the underpayments because of inadequate withholding.

Petitioner argues that Mr. Foor had complete control over their finances during the years in issue. She claims that he assured her that the balances were paid and that he intercepted any correspondence from respondent. Petitioner contends that she did not discover the unpaid balances until after the marriage was dissolved.

Petitioner credibly testified that she believed that Mr. Foor would pay their tax liabilities. Despite this belief, we cannot say that the revenue agents acted unreasonably in determining that petitioner had reason to know at the time the returns were signed that the tax liabilities would not be paid. Petitioner signed the returns for all years in issue, and these returns showed a balance due after allowance for the Federal income taxes withheld during the years. Thus, she should have

- 9 -

known that further payments were required to satisfy each year's liability.  The administrative record indicates that petitioner knew that her husband was not having enough tax withheld, was claiming extra exemptions, and was using the money to support his drinking problem.  In written responses to the revenue agents' questions, petitioner stated that Mr. Foor frequently lost jobs and was in trouble for alcohol-related incidents, he made false deposits in their joint checking account to obtain money from the bank, and petitioner did not have enough money to pay the bills. Petitioner's allegations indicate that she lacked the funds necessary to pay the tax liabilities and that she was aware that Mr. Foor's financial situation was the same or worse.  We believe that the revenue agents could reasonably have concluded that petitioner had reason to know that the taxes would not be paid at the time she signed the returns.

Our finding above precludes relief under Rev. Proc. 2000-15, sec. 4.02.  However, with respect to Rev. Proc. 2000-15, sec. 4.03, petitioner's reason to know is the only negative factor that respondent specifically argues on brief justifies the denial of equitable relief.  Although this is a strong factor weighing against relief, it is not determinative.  Washington v. Commissioner, 120 T.C. at 150-151; Rev. Proc. 2000-15, sec. 4.03(1)(d), 2000-1 C.B. at 449. Respondent admits that petitioner is divorced, will suffer economic hardship if relief is not

granted, and had to deal with various problems associated with Mr. Foor's alcoholism and her mother's illness. Respondent further admits that petitioner did not significantly benefit from the unpaid taxes and has made a good faith effort to comply with the Federal income tax laws in the years following the years at issue, and there were no perceptible asset transfers between petitioner and Mr. Foor.

The revenue agents' workpapers reflect that an additional reason that equitable relief was not granted was that they believed petitioner's withholding was inadequate and did not cover her share of the tax liabilities. At trial, Mr. Petroff testified that he reviewed the tax returns and Forms W-2, Wage and Tax Statement, for 1988, 1990, and 1992 in making this determination, but that he did not review the returns or Forms W-2 for any earlier years. The years in issue are 1983, 1984, 1985, 1987, 1990, and 1991. Thus, Mr. Petroff's determination that petitioner's wages were underwithheld for the other 5 years in issue was based on his assumption that there was a continuous pattern of inadequate withholding.

Mr. Petroff also testified that a requesting spouse cannot be relieved of liability for tax attributable to her own income under the rules for relief from joint and several liability. Petitioner's information submissions to the revenue agents and her testimony reflect that she believed that her withholding was

adequate to pay her tax liabilities, and she also testified that if she had filed with a status of single, her withholding would have exceeded her tax liabilities. The evidence in the record indicates that she informed Mr. Petroff that she believed her withholding was adequate to pay her tax liabilities.

Although a requesting spouse is not entitled to relief under Rev. Proc. 2000-15, sec. 4.02, for unpaid taxes attributable to her, this does not foreclose her eligibility for equitable relief. Rev. Proc. 2000-15, sec. 4.03, applies to requesting spouses who satisfy the threshold conditions of Rev. Proc. 2000-15, sec. 4.01, but do not qualify for relief under Rev. Proc. 2000-15, sec. 4.02. See Washington v. Commissioner, supra at 151; Collier v. Commissioner, T.C. Memo. 2002-144. Additionally, Rev. Proc. 2000-15, sec. 4.03(2)(a), 2000-1 C.B. at 449, provides that whether an unpaid liability is attributable to the requesting spouse is a factor to consider. Thus, Mr. Petroff's testimony indicates that he may have incorrectly applied the revenue procedure in this case.[3] Mr. Petroff's testimony and workpapers indicate that a significant reason for denying relief

---

[3]Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, effective for requests for relief filed on or after Nov. 1, 2003, added an additional threshold condition for relief, subject to certain exceptions, that the income tax liability from which the requesting spouse seeks relief must be attributable to an item of the nonrequesting spouse. Rev. Proc. 2003-61, supra, does not apply in this case because petitioner's request for relief was filed before the effective date.

was his determination that the underpayments were not solely attributable to Mr. Foor.

On brief, respondent does not address Mr. Petroff's incorrect statement that a taxpayer is not eligible for equitable relief for unpaid taxes that are attributable to her. Respondent has not specifically argued on brief that this is a reason for upholding the revenue agents' determinations.[4] In light of petitioner's testimony, respondent's failure to specifically argue this point, Mr. Petroff's incorrect belief that petitioner is not eligible for equitable relief for liabilities attributable to her, and Mr. Petroff's admission that he was not able to review petitioner's Forms W-2 for 5 of the 6 years in issue, we conclude that no weight should be given to this factor.

At trial, petitioner's testimony was consistent with her assertions in the Form 8857, her responses to information requests from respondent, and the statements outlined in the revenue agents' workpapers regarding Mr. Foor's detrimental actions and petitioner's economic hardship and lack of significant benefit from the unpaid taxes. Respondent has not challenged petitioner's truthfulness on these matters, and his

---

[4]The evidence in the record, including the revenue agents' reports, does not adequately disclose the exact amounts, if any, by which petitioner's taxes were underwithheld. The record reflects that any taxes on petitioner's wages that were underwithheld would represent only a relatively small proportion of the underpayments for the years in issue.

- 13 -

only argument against granting equitable relief is that petitioner knew or had reason to know that the taxes would not be paid.

When the factors in favor of equitable relief are unusually strong, it may be appropriate to grant relief under section 6015(f) in limited situations where the requesting spouse knew or had reason to know that the liability would not be paid. Washington v. Commissioner, supra at 151; Rev. Proc. 2000-15, sec. 4.03(2)(b), 2000-1 C.B. at 449. Additionally, we have previously considered the fact that a taxpayer did not significantly benefit from the unpaid liability as a factor in favor of granting relief to that taxpayer. Ewing v. Commissioner, 122 T.C. ___, ___ (2004) (slip op. at 22-23); Ferrarese v. Commissioner, T.C. Memo. 2002-249; Rowe v. Commissioner, T.C. Memo. 2001-325. The factors listed in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448-449, are not exhaustive, and all facts and circumstances must be taken into account in determining whether it would be inequitable to hold a requesting spouse liable. Ewing v. Commissioner, 122 T.C. at ___ (slip op. at 28).

Petitioner presented a strong case during her dealings with respondent and at trial for equitable relief from joint and several liability under the factors promulgated by the Commissioner in Rev. Proc. 2000-15, supra, and other relevant

factors. Although we do not find fault with the determination that petitioner had reason to know that the reported tax liabilities would not be paid, on the basis of the particular facts and circumstances involved, we find that compelling reasons existed to grant equitable relief. Petitioner is divorced, she will suffer economic hardship if relief is not granted, she did not significantly benefit from the unpaid taxes, and there were several other factors known to respondent at the time of the determination that weighed in favor of granting relief. Consequently, we hold that respondent's denial of equitable relief was an abuse of discretion and that it would be inequitable to hold petitioner liable for the unpaid tax liabilities for the years in issue.

<u>Decision will be entered for petitioner</u>.