T.C. Summary Opinion 2007-178

UNITED STATES TAX COURT

AMY A. CHRISTMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11856-05S.            Filed October 22, 2007.

Matthew T. Kelly, for petitioner.

Jack T. Anagnostis, for respondent.

COUVILLION, Special Trial Judge:[1]  This case was heard

pursuant to section 7463 of the Internal Revenue Code in effect

at the time the petition was filed.[2]  Pursuant to the provisions

_____

[1]  With the consent of the parties, the Chief Judge
reassigned this case, after the death of Special Trial Judge
Carleton D. Powell, to Special Trial Judge D. Irvin Couvillion,
for disposition on the existing record.

[2]  Unless otherwise indicated, section references are to the
(continued...)

of section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case arises from a request for innocent spouse relief under section 6015(f) with respect to petitioner's 1998 and 1999 taxable years. No notice of deficiency was issued for either of these years. Petitioner requested relief by filing Form 8857, Request for Innocent Spouse Relief, for the years 1997, 1998, and 1999. In her application, petitioner sought relief under section 6015(f) and specifically stated she was not seeking relief under section 6015(b) or (c). Respondent determined that petitioner was not entitled to relief under section 6015(f); thus, the issue is whether respondent's denial of relief under section 6015(f) was an abuse of discretion with respect to petitioner's taxable years 1998 and 1999.[3]

## Background

The facts may be summarized as follows. At the time the petition was filed petitioner resided in Temple, Pennsylvania.

---

[2](...continued)
Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  The record is unclear as to the status of petitioner's request for relief for taxable year 1997. Neither the preliminary determination letter nor the notice of determination addressed any request for relief for taxable year 1997. Moreover, in her petition to this Court, petitioner only requested a review of the denial of relief for taxable years 1998 and 1999. The year 1997, therefore, is not before the Court.

Petitioner is a high school graduate.  Petitioner also attended college but did not graduate from college.  She and Mark C. Christman (Mr. Christman) married on October 24, 1992, and had one son.  Petitioner moved out of the marital home sometime in mid-to-late 1999 and opened separate bank accounts in her name.  She and Mr. Christman divorced on October 6, 2000.

Petitioner earned income during taxable years 1998 and 1999 from her employment with The Bon-Ton Stores, Inc.; Brooks Brothers, Inc.; Eugene Davids Co., Inc.; Tutor Time; and York Beauty Supply & Equipment Co., Inc.  During the same years, Mr. Christman was employed by local architects.  Additionally, he earned income as a draftsman for Draft Tech, Inc., a business he wholly owned, the income and expenses of which were reported on Schedule C, Profit or Loss From Business, on their joint income tax returns for the years at issue.

In 2000, Mr. Christman approached petitioner on different occasions to obtain her signature on the joint income tax returns for 1996, 1997, 1998, and 1999.  On July 7, 2000, petitioner and Mr. Christman filed a joint return for 1998 reporting a tax liability of $7,744.  A payment of $744 was submitted with the return.  No notice of deficiency was issued by respondent for taxable year 1998.  Additions to tax were thereafter assessed for 1998 under sections 6651(a)(1) and (2) and 6654.

On October 5, 2000, petitioner and Mr. Christman filed a joint return for 1999, reporting a tax liability of $11,241 which was paid in full at the time of filing the return. No notice of deficiency was issued by respondent for taxable year 1999. Additions to tax were assessed for 1999 under sections 6651(a)(1), (2), and 6654.

Petitioner contends that she did not know taxes were due and owing for either of the years at issue because she did not review the 1998 and 1999 returns. Moreover, petitioner claims that Mr. Christman did not tell her there were any taxes due, and she had no reason to believe that if there were taxes due Mr. Christman would not pay them. She admits, however, that at the time she signed the returns she believed there would be penalties or additions to tax for not timely filing the returns.

Petitioner and Mr. Christman signed a postnuptial agreement on August 14, 2000, to stipulate the terms of their divorce. Neither this agreement nor the divorce decree addressed the couple's outstanding tax liabilities.

Petitioner submitted a Form 8857 on March 24, 2004, requesting relief from joint and several liability for the years 1998 and 1999. Petitioner contends that Mr. Christman handled their financial affairs after she left the marital home and that, since 1994, a return preparer prepared all of their income tax returns. On April 29, 2005, respondent issued a Notice of

Determination Concerning Your Request for Relief under the Equitable Relief Provision of Section 6015(f) denying petitioner her request for relief from joint and several liability under section 6015(f) for the years 1998 and 1999.

On June 27, 2005, the petition was filed with this Court with respect to petitioner's 1998 and 1999 taxable years. Petitioner claims she is entitled to relief from joint and several liability for those years under section 6015(f). Pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), respondent served Mr. Christman with notice of this proceeding and his right to intervene. Mr. Christman did not file a notice of intervention and did not appear or participate in the trial of this case.

## Discussion

Generally, married taxpayers may elect to file a Federal income tax return jointly. Sec. 6013(a). Each spouse filing a joint return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief to a spouse from this general rule.[4]

---

[4] Sec. 6015 applies to any liability for tax arising after July 22, 1998, and to any liability for tax arising on or before July 22, 1998, remaining unpaid as of such date. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 734, 740. The Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408, 120

(continued...)

A taxpayer may be considered for relief under section 6015(f) when relief is not available under section 6015(b) or (c).[5]  Sec. 6015(f)(2).  Section 6015(f)(1) provides that a taxpayer may be relieved from joint and several liability if it is determined, after considering all the facts and circumstances, that it is inequitable to hold the taxpayer liable for the unpaid tax.  This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard.  Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).  The Court defers to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).  Whether the Commissioner's determination constitutes an abuse of discretion is a question of fact.  Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  The requesting spouse bears the burden of proving

[4](...continued)
Stat. 3061, amended sec. 6015(e)(1) to give the Tax Court jurisdiction to determine the appropriate relief available to a taxpayer under sec. 6015, including relief under sec. 6015(f) in cases where no deficiency has been determined for the tax year. The amendment applies with respect to liability for taxes arising or remaining unpaid on or after Dec. 20, 2006, the date of enactment, and thus it applies here.  See Schmick v. Commissioner, T.C. Memo. 2007-220 n.1.

[5]  A prerequisite to granting relief under sec. 6015(b) or (c) is the existence of a tax deficiency or, as referred to in various cases, an "understatement of tax".  Sec. 6015(b)(1)(B) and (c)(1); Block v. Commissioner, 120 T.C. 62, 65-66 (2003). That requirement precludes petitioner from seeking relief under sec. 6015(b) or (c) for 1998 and 1999 because no deficiencies were asserted for those years.

that there was an abuse of discretion.  <u>Abelein v. Commissioner</u>, T.C. Memo. 2004-274.

The Commissioner has prescribed guidelines that are considered in determining whether it is inequitable to hold a requesting spouse liable for all or part of the liability for any unpaid tax or deficiency.  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297, sets forth seven threshold conditions that the requesting spouse must satisfy before the Commissioner will consider a request for relief under section 6015(f).[6]  Respondent does not dispute that petitioner has satisfied the seven threshold conditions.

Where the requesting spouse satisfies the threshold conditions, Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, lists factors to be considered in determining whether equitable relief is warranted as to liability for underpayments of tax, which is the situation in this case.  Equitable relief under section 6015(f) from liability for an underpayment of tax on a joint return will ordinarily be granted by the Commissioner if all three of the following criteria are met:  (1) The requesting spouse is divorced, legally separated, or has been physically separated for 1 year from the nonrequesting spouse at the time

---

[6]  Rev. Proc. 2003-61, 2003-2 C.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, is effective for requests for relief filed on or after Nov. 1, 2003, or requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of that date.  Petitioner's request for relief was submitted on Mar. 24, 2004.  Accordingly, the guidelines of Rev. Proc. 2003-61, <u>supra</u>, apply in this case.

relief is requested; (2) the requesting spouse did not know or have reason to know that the income tax liability would not be paid at the time the joint return was signed; and (3) the requesting spouse would, absent relief, suffer economic hardship.

Although petitioner was divorced from Mr. Christman at the time relief was requested, the Court concludes on this record that petitioner was aware of or had reason to know that the income tax liability would not be paid at the time she signed the return for taxable year 1998.[7] Petitioner contends she was unaware that there was a reported tax liability due for 1998. It is well established that a spouse requesting relief under section 6015 has a duty of inquiry. Butler v. Commissioner, supra at 284. Furthermore, this Court has held that signing a return imputes constructive knowledge of the contents of that return to the signer. Simon v. Commissioner, T.C. Memo. 2005-220.

At trial, petitioner claimed she had no reason to know that if taxes were due for 1998 Mr. Christman would not pay the amount due at the time the return was filed. Following their failure to timely file joint returns for 1996 through 1999, it is not anomalous to presume that there would be taxes, additions to tax, and/or interest due for those years. The Court does not find

---

[7] At the time their joint income tax return for 1999 was filed, the amount of tax shown as due was paid in full. Because relief pursuant to Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298, requires an underpayment of tax, petitioner does not qualify for relief under that section for the year 1999. See Knorr v. Commissioner, T.C. Memo. 2004-212.

petitioner's testimony to be convincing, because, according to her testimony, she was unaware that there was a tax due and owing for 1998. At the very least, petitioner knew that failure to timely file a return would result in penalties and additions to tax. There is nothing in the record to indicate that petitioner had reason to believe the tax liability or penalties for 1998 would be paid at the time the return was filed. The Court concludes, on the record, that petitioner knew or had reason to know that the tax liability for 1998 would not be paid at the time the return was filed.

A taxpayer might experience economic hardship if he or she, as a result of being held liable for a tax liability, would be unable to pay basic reasonable living expenses. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. On the record of this case, petitioner has not shown to the Court's satisfaction that she would experience economic hardship if she were forced to pay the tax liability for 1998.

Because petitioner does not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, the Court next considers whether she is entitled to relief under Rev. Proc. 2003-61, sec. 4.03, which provides factors to be considered as to requests for relief under section 6015 for spouses who filed a joint return and do not qualify for relief under Rev. Proc. 2003-61, sec. 4.02. Rev. Proc. 2003-61, sec. 4.03(2)(a), 2003-2 C.B. at 298, offers a nonexclusive list of factors to be considered, including: (1)

Marital status; (2) economic hardship; (3) no knowledge or reason to know that the nonrequesting spouse would not pay the income tax liability; (4) whether the nonrequesting spouse had a legal obligation to pay the liability; (5) whether the requesting spouse benefited significantly from the unpaid income tax liability; and (6) whether the requesting spouse made a good faith attempt to comply with the tax laws in subsequent years. These factors are considered in determining whether there was an abuse of discretion by respondent in denying equitable relief under section 6015(f).

For a taxpayer who seeks relief from an underpayment of tax, as in this case, Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii)(A), addresses whether the requesting spouse knew or had reason to know that the underpayment would not be paid at the time the return was filed. Petitioner contends she was unaware of a tax liability for 1998. However, as noted earlier, petitioner and Mr. Christman filed a joint return for 1998 on July 7, 2000, on which there was a tax liability of $7,744 and on which a payment of $744 was submitted with the return. Petitioner, therefore, knew that there was an underpayment of tax for 1998 and knew that such underpayment was not paid at the time the return was filed.

With respect to the additions to tax for 1998 and 1999, petitioner must show that it was reasonable for her to believe that Mr. Christman would pay the additions to tax at the time she signed the returns. See, e.g., Knorr v. Commissioner, T.C. Memo.

2004-212. When she signed the 1998 and 1999 joint income tax returns in July and October 2000, respectively, petitioner was aware that she and her former spouse had failed to timely file and timely pay income taxes for 1996 through 1999. At no point did she question Mr. Christman as to how and when the taxes and any additions to tax would be paid. For these reasons, the Court concludes that petitioner has not shown that it was reasonable for her to believe that any additions to tax for 1998 and 1999 would be paid at the time she signed the joint income tax returns for the years at issue, particularly since she had no reason to believe that the taxes for those years would be paid at the time the returns were filed.

Petitioner's filing for divorce prior to requesting relief under section 6015(f) favors granting her relief. Rev. Proc. 2003-61, sec. 4.03(2)(a)(i). Yet, in those cases where the requesting spouse's marital status favors granting relief, Rev. Proc. 2003-61, sec. 4.03(2)(a)(ii), conditions that relief on a showing that the requesting spouse will suffer economic hardship in the absence of relief. Relief has been granted to taxpayers who establish that they would suffer economic hardship by being unable to afford basic living expenses in the absence of such relief. See, e.g., Knorr v. Commissioner, supra; Foor v. Commissioner, T.C. Memo. 2004-54; Ferrarese v. Commissioner, T.C. Memo. 2002-249; August v. Commissioner, T.C. Memo. 2002-201; Rowe v. Commissioner, T.C. Memo. 2001-325. Petitioner was gainfully

employed during the years at issue and failed to establish that she would be unable to pay basic living expenses if she were required to pay the outstanding tax liabilities for 1998 and 1999.

Upon consideration of all of the facts and circumstances, the Court holds that respondent's determination to deny petitioner relief under section 6015(f) was not an abuse of discretion. Weighing all of the factors in this case both supporting and opposing granting relief to petitioner, the Court is satisfied that it is not inequitable to deny petitioner relief under section 6015(f).

Decision will be entered

for respondent.